UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GEORGE BAGBY, | Civ. No. 16-686 (KM) (MAH) |
| Plaintiff *Pro Se*, |  |
| v. | REPORT AND RECOMMENDATION |
| KEITH HOOPER, |  |
| Defendants. |  |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's August 23, 2017 Order to Show Cause, D.E. 33, why Plaintiff George Bagby's Complaint should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

**I.    BACKGROUND**

Plaintiff filed the instant Complaint against Defendant Keith Hooper on February 9, 2016. Complaint, D.E. 1. Plaintiff alleges that Defendant sexually harassed him and violated the Prison Rape Elimination Act. *Id.*

The Undersigned issued a Pretrial Scheduling Order on November 28, 2016. D.E. 22. Plaintiff then filed a Motion to appoint pro bono counsel on January 20, 2017. D.E. 23. Defendant filed an opposition on February 6, 2017. D.E. 24. The Undersigned denied Plaintiff's Motion to appoint pro bono counsel on March 31, 2017. D.E. 25. On April 24, 2017, Defendant

filed a letter informing the Court that Plaintiff had not yet served his discovery responses. D.E. 26. In response to Defendant's letter, on April 27, 2017 the Undersigned ordered the Plaintiff to "serve any and all discovery responses to Defendant's Counsel not later than May 15, 2017." D.E. 27. Plaintiff submitted a letter to the Court on May 10, 2017 requesting a court order for Northern State Prison to release his prison file pertaining to the alleged sexual harassment and PREA violation. D.E. 28. On June 12, 2017, Defendant submitted a letter again stating that Plaintiff had not yet served any discovery responses and requesting that the court either grant Defendant leave to file a motion to dismiss or that the Court invoke the sanctions described in the April 27, 2017 Order. D.E. 29. In response to this letter, the Undersigned denied Defendant's request for leave to file a motion to dismiss, and ordered Plaintiff to respond to Defendant's discovery requests by July 14, 2017. D.E. 30. Plaintiff filed a notice of change of address on June 28, 2017. D.E. 31. Defendants wrote to the Court again on August 7, 2017, informing the court they had not received any of the discovery responses as ordered. D.E. 32. The Court issued an Order to Show Cause on August 23, 2017. D.E. 33. As of the date of this Report and Recommendation, Plaintiff has failed to respond or file anything additional on the docket.

## II.    LEGAL ANALYSIS

### A.    Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b).

Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to any of Defendant's discovery requests to date. In addition, Plaintiff has failed to comply with the Order to Show Cause issued by the Undersigned on August 23, 2017, which directed Plaintiff to show cause in writing why

3

his complaint should not be dismissed for failure to prosecute his case pursuant to Fed. R. Civ. P. 41. As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can only conclude that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon his suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that his failure to prosecute this matter is the fault of his counsel. *See*, e.g., *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to Court Orders or explaining his inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.     Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that

plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff has not responded to any of the Defendant's discovery requests, clearly prejudicing the Defendant. Defendant has been unable to keep moving this case forward and prepare a defense of this matter because Plaintiff has stopped litigating this matter. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend himself. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Although Plaintiff has submitted letters to the Court, Plaintiff has failed to respond to Defendant's discovery requests even after multiple orders from the Undersigned. Since Defendant's first letter on April 24, 2017 informing the Court of Plaintiff's failure to respond to discovery requests, Plaintiff has made no meaningful attempt to comply with that letter, subsequent letters, and multiple Court orders, including the Order to Show Cause. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Plaintiff's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims.

5

*Porten*, 2011 WL 2038742, *3.  Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. **Meritoriousness of the Claim or Defense**

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders.  *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal.  Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

                                                          s/ Michael A. Hammer  
                                                          **UNITED STATES MAGISTRATE JUDGE**

Date: October 16, 2017